IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGG HILL | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-0004-N-BK |
| | § | |
| EDGARDO GARCIA, *et al.* | § | |
| | § | |
| *Defendants*. | § | |

**JOINT STATUS REPORT**

On December 17, 2024, this Court issued its Order Requiring Status and Scheduling Conference. ECF No. 20. Below, the Parties submit the following in response to this Court's order.

**a. A brief statement of the nature of the case and the contentions of the parties.**

Plaintiff's position: Plaintiff, Gregg Hill, filed his Original Complaint, complains that Defendants violated 42 U.S.C. § 1982 and the laws of the State of Texas for their unreasonable, unlawful, malicious violations of Plaintiff's rights. Defendants were called to Plaintiff's residence and refused to remove an unlawful trespasser who was in possession and using drugs at the time. Rather, Defendants forcibly and unlawfully pulled Plaintiff from his resident and arrested him without cause and with no legitimate charges against him. Further, they allowed the trespasser to remain in Mr. Hill's residence. Upon returning to his residence, Mr. Hill discovered the trespasser was still within his residence and Defendants were again called upon to remove the individual. Defendants again failed to do so and again forcibly arrested Mr. Hill without cause and permitted the unlawful trespasser to remain in Mr. Hill's residence. Upon returning a few days later, Mr. Hill discovered the trespasser had stolen all of his belongings. Defendants took a report noting that all of Mr. Hill's belongings were stolen by the trespasser, including his vehicle. Defendants later found the trespasser driving Mr. Hill's vehicle but refused to take her into custody.

Defendants' position: Defendant City of Dallas, which has filed a Motion to Dismiss, contends that Plaintiff has not stated any *Monell* or supervisory liability claims because the Complaint fails to state an unconstitutional policy, any deliberate indifference, or moving force causation. The individual Defendants, who have invoked their defense of qualified immunity, contend that the video and documentary evidence shows more than sufficient probable cause existed for Plaintiff's arrest, that no excessive force was applied to Plaintiff, and that Plaintiff's remaining claims fail because they amount to complaints about routine police actions, not legal claims.

**b. The status of settlement discussions.**

Plaintiff's position: No settlement discussions have occurred as Defendants are unwilling to discuss at this time.

Defendants' position: No settlement discussions have occurred because the Defendants' believe that Plaintiff has not stated a claim against the City nor can allege facts that surmount the individual Defendants' qualified immunity defenses.

**c. Possible joinder of addition parties.**

Plaintiff's position: Plaintiff does not believe any joinder or additional parties will be added at this time.

Defendants' position: Defendants do not believe any joinder or additional parties will be added, given the running of the statute of limitations.

**d. Anticipated challenges to venue or jurisdiction.**

Plaintiff's position: None.

Defendants' position: None.

**e. Date for trial and estimated length of trial.**

Plaintiff's position: Plaintiff believes he will be successful in defending Defendants' motion and future motions as the video evidence shows Defendants use of excessive force on multiple occasions, violations of Plaintiff's 4th Amendment rights, Defendants' failure to intervene on multiple occasions, liability under Monell, and other claims against Defendants. Plaintiff anticipates four days for trial and requests a setting around July 2026.

Defendants' position: The individual Defendants intend to file motions for summary judgment if this Court finds that Plaintiff's Complaint has stated a claim against any of them. Defendants believe they will be successful, but contend that setting times for trial depend on the outcome and timing of those motions.

**f. Desirability and timing of ADR.**

Plaintiff's position: Plaintiff is willing to use ADR, however, Defendants are not willing at this time, making it unlikely that a resolution would be reached. Plaintiff is willing to use ADR should Defendants become agreeable.

Defendants' position: At this stage, Defendants do not believe ADR will bring about resolution at this time.

**g. Objections to disclosures under Rule 26(a)(1).**

Plaintiff's position: Plaintiff believes that discovery is reasonable and necessary as Plaintiff's claims against Defendants includes documents and evidence solely in possession and control of Defendants.

Defendants' position: Due to Fifth Circuit precedent, Defendants do not believe any discovery or disclosures of evidence should occur at all until this Court determines that any exchanges of discovery at all are warranted.[1]

Respectfully submitted,

*/s/ K. Michael Sturgill /s/*
K. Michael Sturgill
Texas State Bar No.: 24075588
Direct Telephone: 214-504-6318
Attorney's Email: mike@themislegalgroup.com

**THEMIS LEGAL GROUP, PLLC**
1452 Hughes Road, Ste. 200
Grapevine, Texas 76051
Office Telephone: 214-494-8044

**ATTORNEYS FOR PLAINTIFF**

CITY ATTORNEY OF THE CITY OF DALLAS

TAMMY L. PALOMINO
City Attorney

*/s/ J. Cheves Ligon*
J. Cheves Ligon
Senior Assistant City Attorney
Texas State Bar No. 24070147
John.Ligon@Dallas.gov

[1] *See generally. Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991 (5th Cir. 1995); *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022).

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone: 214-670-1236
Facsimile: 214-670-0622

*Attorneys for Defendants*